UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRANDON LEE KEENER,<br><br>Plaintiff,<br><br>v.<br><br>MELANIE CORK, SAMUEL KEIRNS, ASHLEY SKIBINSKI, MICHAEL McALEXANDER, MARK KIEFER, WILLIAM LEBRATO, STEVEN GODFREY, MATTHEW McGILL, JUSTIN CONEY, FORT WAYNE POLICE DEPARTMENT, ALLEN COUNTY PROBATION DEPARTMENT, and ALLEN COUNTY PROSECUTORS OFFICE,<br><br>Defendants. | CAUSE NO. 1:24-CV-201-HAB-SLC |

OPINION AND ORDER

Brandon Lee Keener, a prisoner without a lawyer, filed a complaint in State court which was removed because it raised federal questions. ECF 1 and 4. Now before the court is his amended complaint. ECF 10. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Keener sues twelve defendants raising claims related to two State criminal cases: *State v. Keener*, 02D04-2301-F6-72 (Allen Superior Court filed January 20, 2023) and *State v. Keener,* 02D04-2309-F6-1168 (Allen Superior Court filed September 6, 2023). He alleges Magistrate Samuel Keirns signed his arrest warrant, denied him bond, and did not grant his request for a speedy trial. He alleges Judge Steven Godfrey did not make

discovery available to him, refused to rule on his pro se filings, granted a motion for continuance, released him on his own recognizance, refused to consider his double jeopardy arguments, and continued his trial. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). These judicial rulings related to Keener's case were all within the jurisdiction of these State judges. So, the federal claims against them must be dismissed.

Keener sues Prosecutors Ashley Skibinski and Michael McAlexander. He alleges Prosecutor Skibinski told the court she was ready for trial and later filed a motion for continuance. He alleges Prosecutor McAlexander asked the court to continue his trial due to court congestion. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). "Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quotation marks and citation omitted). The positions taken by these prosecutors in relation to Keener's cases were part of initiating and presenting the State's cases. So, the federal claims against them must be dismissed.

Keener sues Public Defender Mark Kiefer and Chief Public Defender William Lebrato. To state a federal claim under 42 U.S.C. "§ 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). A criminal defense attorney, even an appointed public defender, does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981). So, the federal claims against them must be dismissed.

Keener sues Probation Officer Melanie Cork. He alleges she filed a petition asking the State court to revoke his probation in *State v. Keener*, 02D04-2301-F6-72. Her revocation petition cited to multiple police reports which alleged Keener's involvement in criminal activity. He denies the allegations made against him in those reports, but he does not dispute the existence of the police reports. Keener merely alleges Probation Office Cork did not consult with him before filing the revocation petition. There is no federal right to be consulted before probation revocation petitions are filed. *Cf. Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) ("We note at the outset that Rossi does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction."). Probation Officer Cork did not violate Keener's federal rights and the federal claims against her must be dismissed.

Keener sues Police Officer Matthew McGill. He alleges Officer McGill arrested him on August 30, 2023, based on allegations reported by a third party on a 911 call. He alleges Officer McGill arrested him without otherwise investigating the allegations. "There is no affirmative duty on police to investigate." *Whitlock v. Brueggemann*, 682

3

F.3d 567, 588 (7th Cir. 2012) *citing Town of Castle Rock v. Gonzales*, 545 U.S. 748 (2005). "A police officer may base his belief that there is reasonable and probable cause for arresting a person on information received from another." *Howlett v. Hack*, 794 F.3d 721, 727 (7th Cir. 2015) *quoting Capps v. State*, 229 N.E.2d 794, 796 (Ind. 1967). Keener alleges Officer McGill said he was not sure if he should have arrested Keener, but "[p]robable cause is assessed objectively: a court looks at the conclusions that the arresting officer reasonably might have drawn from the information known to him rather than his subjective reasons for making the arrest." *Holmes v. Village of Hoffman Estates*, 511 F.3d 673, 679 (7th Cir. 2007). Keener also alleges Officer McGill lied in his probable cause affidavit. "[K]nowingly or recklessly misleading the magistrate in a probable cause affidavit – whether by omissions or outright lies – only violates the Fourth Amendment if the omissions and lies were material to probable cause." *Rainsberger v. Benner*, 913 F.3d 640, 643 (7th Cir. 2019). Keener alleges the victim did not say what Officer McGill wrote in the affidavit. Officer McGill wrote, "The victim advised they [she and Keener] had gotten into an argument and the Defendant [Keener] pushed her down causing her head to hit a table." ECF 10-1 at 4-5. However, that statement was not material because the affidavit also says a witness "advised she observed the Defendant [Keener] shove the victim to the ground and punch her, possibly in the torso area." *Id*. at 5. Because the witness statement was more than sufficient to establish probable cause, it is immaterial whether Officer McGill lied about what the victim said.

Keener sues Police Officer Justin Coney. Keener alleges both he and Officer McGill defamed and slandered him by making false statements about his criminal

4

activity. "Freedom from being described as 'dishonest' (or the equivalent) by a state actor is not a fundamental right. Indeed, we know from *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), that it is not a constitutional right of any kind. *Salem v. Att'y Registration & Disciplinary Comm'n of Supreme Ct. of Illinois*, 85 F.4th 438, 443 (7th Cir. 2023). The "interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law." *Paul v. Davis*, 424 U.S. 693, 712 (1976). The federal claims against Officers McGill and Coney must be dismissed.

Keener sues the Fort Wayne Police Department, the Allen County Probation Department, and the Allen County Prosecutors Office. He does not make any specific allegations about any of them. It appears he is suing them merely because they employ some of the individual defendants. There is no supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). The federal claims against these entities must be dismissed.

Keener's complaint may also be raising State law claims, but "[o]rdinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. 1367(c)." *Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010). Here, where the federal claims have been dismissed at screening, it would not be appropriate to retain jurisdiction over State law claims.

For these reasons, the court:

(1) DISMISSES the federal claims; and

5

(2) REMANDS this case to the Allen Superior Court in *Keener v. Cork*, 02D03-2404-CT-272.

SO ORDERED on July 19, 2024.

>  s/Holly A. Brady
>  CHIEF JUDGE
>  UNITED STATES DISTRICT COURT